UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

KEVIN FIELDS,

Petitioner,

v.

JAMES DZURENDA, *et al.*,

Respondents.

Case No. 3:17-cv-00691-MMD-CBC

ORDER

Respondents have moved to dismiss certain grounds in Petitioner Kevin Fields' *pro se* 28 U.S.C. § 2254 petition for a writ of habeas corpus. (ECF No. 10.) Petitioner opposed (ECF No. 12), and Respondents replied (ECF No. 14).

**I.     PROCEDURAL HISTORY AND BACKGROUND**

On February 16, 2016, Fields pleaded guilty to larceny from person (Exhibit ("Exh.") 9).[1] The state district court sentenced him to a term of 24 to 60 months. (Exh. 10.) Judgment of conviction was filed on April 13, 2016. (*Id.*) The Nevada Supreme Court affirmed the denial of Fields' state postconviction habeas corpus petition in October 2017. (Exh. 26.) Fields dispatched his federal habeas petition for mailing on or about November 21, 2017. Respondents now move to dismiss grounds 1 and 4 of the petition. (ECF No. 10.)

///

///

---

[1] Exhibits referenced in this order are exhibits to Respondents' motion to dismiss (ECF No. 10), and are found at ECF No. 11.

## II. DISCUSSION

A state prisoner is entitled to federal habeas relief only if he is being held in custody in violation of the constitution, laws or treaties of the United States. *See* 28 U.S.C. § 2254(a). Unless an issue of federal constitutional or statutory law is implicated by the facts presented in his habeas petition, the claim is not cognizable under federal habeas corpus. *See Estelle v. McGuire*, 502 U.S. 62, 68 (1991).

In ground 1, Fields asserts a claim of actual innocence. (ECF No. 7 at 5-6.) In *McQuiggin v. Perkins*, the United States Supreme Court held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or . . . expiration of the statute of limitations." 569 U.S. 383, 386 (2013). However, neither the United States Supreme Court nor the Ninth Circuit has "resolved whether a prisoner may be entitled to habeas relief based on a freestanding claim of actual innocence." *Id.* at 392; *see also Jones v. Taylor*, 763 F.3d 1242, 1246 (9th Cir. 2014). Thus, ground 1 is not cognizable on federal habeas review. It is therefore dismissed.

In ground 4, Fields asserts that the state district court abused its discretion when it did not conduct an evidentiary hearing on his state postconviction habeas corpus petition. (ECF No. 7 at 12-13.) However, there is no federal constitutional right implicated by this claim. Ground 4 therefore fails to state a claim for which federal habeas relief may be granted. Accordingly, ground 4 is dismissed.

Finally, Fields filed what he styled as a motion in support of his opposition to the motion to dismiss. (ECF No. 15.) But this motion is actually a surreply in he which re-argues his opposition to the motion to dismiss and the merits of his claims. (*Id.*) Respondents have moved to strike Fields' surreply as an improper filing. (ECF No. 16.) They point out that Fields did not seek and obtain leave of the court to file a surreply in violation of L-R 7(b). (*Id.*) Moreover, they note motions for leave to file a surreply are

discouraged. (*Id.*) The Court agrees. *See* LR 7(b). Respondents' motion to strike Fields' surreply is therefore granted.

### III. CONCLUSION

It is therefore ordered that Respondents' motion to dismiss (ECF No. 10) is granted. Grounds 1 and 4 of Fields' petition are dismissed as set forth in this order.

It is further ordered that Respondents have 45 days from the date of this order to file an answer to the remaining grounds for relief in Fields' petition. The answer must contain all substantive and procedural arguments as to all surviving grounds of the petition and must comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.

It is further ordered that Petitioner will have 30 days following service of Respondents' answer in which to file a reply.

It is further ordered that Respondents' motion to strike (ECF No. 16) is granted. Petitioner's motion in support to opposition (ECF No. 15) is stricken.

DATED THIS 6th day of February 2019.

_____
MIRANDA M. DU
United States District Judge